UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE KEVORKIAN,<br><br>Defendant. | No. 1:05-cr-00315-DAD-16<br><br>ORDER DENYING REQUEST FOR RELIEF UNDER 18 U.S.C. § 3607(a)<br><br>(Doc. No. 488) |

On July 8, 2019, defendant Michelle Kevorkian, proceeding *pro se*, filed a motion with the court apparently seeking an order of discharge and dismissal under 18 U.S.C. § 3607(a).[1] The docket in this action reflects that on July 9, 2007, defendant Kevorkian entered a plea of guilty to a one count superseding information charging her with a misdemeanor violation of 21 U.S.C. § 844a, possession of marijuana. (Doc. No. 366.) On November 19, 2007, defendant Kevorkian was sentenced to a two year term of probation and a $25 special assessment with the preliminary

---

[1] The court has inferred from defendant's filing that this is the relief she seeks. Defendant's filing states only "[p]lease filing accordingly" and has attached to it two copies of a form order of discharge and dismissal under 18 U.S.C. § 3607(a) as well as a corrected judgment filed on August 21, 2006 with respect to her co-defendant Michael James Mcalister, who was sentenced to serve a year and a day in the custody of the U.S. Bureau of Prisons pursuant to his plea of guilty to conspiracy to manufacture, distribute and possess with the intent to distribute in violation of 21 U.S.C. § 841 and 846. It is not explained why defendant Kevorkian attached a copy of defendant Mcalister's judgment to her submission.

1

order of forfeiture (8927 North Millbrook or the sub res of $46,000) being made final. (Doc. Nos. 395, 397.) On August 19, 2009, without objection by the government and upon the recommendation of the U.S. Probation Office, the court discharged the defendant from probation and terminated the proceedings in this case as to her. (Doc. No. 459.)

As indicated above, on July 8, 2019, defendant Michelle Kevorkian filed a request which the court has construed as a motion seeking an order of discharge and dismissal under 18 U.S.C. § 3607(a). However, for the reasons explained below it does not appear to the court that defendant Kevorkian is entitled to the requested relief. Defendant relies upon 18 U.S.C. § 3607(a) which specifically provides that in the case of a person found guilty of 21 U.S.C. § 844 meeting other designated criteria, "the court may . . . place [her] on probation . . . *without entering a judgment of conviction*." (emphasis added). The statute also provides that at any time before expiration of the term of probation, if the defendant has not violated the terms of probation, the court shall dismiss the proceedings and discharge her from probation without entering the judgment of conviction. 18 U.S.C. § 3607. The relief available under § 3607 does not appear to be available to defendant Kevorkian because a judgment of conviction was in fact entered against her back on November 19, 2007. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1288 (9th Cir. 2004) ("The FFOA [Federal First Offender Act – 18 U.S.C. § 3607] thus operates as a type of 'deferred adjudication' law, in which a finding of guilt is made and later erased, *but no formal judgment of conviction is ever entered*.") (emphasis added). Because defendant Kevorkian did not enter her guilty plea under the deferred entry of judgment provision of § 3607 she cannot avail herself of relief under that statute now, even though she complied with the terms of her probation which was terminated approximately three months early at her request and without objection.[2]

/////

/////

/////

---

[2] In addition, the court notes that it does not appear defendant Kevorkian qualified at any time for the granting of relief in the form of expungement under 18 U.S.C. § 3607(c) because she was not under age 21 at the time she committed the misdemeanor federal offense of conviction as required by the statute in order to be eligible for such relief.

2

| | |
|---|---|
| 1 | Accordingly, defendant Kevorkian's request, construed as a motion to discharge and |
| 2 | dismiss under 18 U.S.C. § 3607(a) (Doc. No. 488), is denied without prejudice to the filing of a |
| 3 | motion establishing her eligibility for any relief requested. |
| 4 | IT IS SO ORDERED. |

Dated: **September 5, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE